Filed 5/12/25  P. v. Morales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084488 |
| v. | (Super.Ct.No. RIF2301380) |
| JOSE MIGUEL MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.  Affirmed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

I.

INTRODUCTION

Pursuant to a negotiated disposition, defendant and appellant Jose Miguel Morales pled guilty to three counts of committing a lewd act on a child under 14 years old by use of force or fear (Pen. Code,[1] § 288, subd. (b)(1)).  In exchange, the remaining charges were dismissed, and he was sentenced to the stipulated term of 15 years in state prison with credit for time served.  Defendant appeals from an order after judgment.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so.  Based on our independent review of the record, we find no error and affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant is Jane Doe's stepfather.  When Jane was 11 or 12 years old, defendant began to sexually abuse her while they resided in a residence in Riverside.  Defendant would repeatedly place Jane on top of his lap and move her around from side to side. Jane could feel his erect penis on her rear end.  Defendant would also regularly rub Jane's legs and upper thigh when defendant made her sit close to him on the couch.  Defendant

[1]  Unless otherwise stated, all future statutory references are to the Penal Code.

[2]  A summary of the factual background is taken from the preliminary hearing transcript.

would also pin Jane against the wall in a hallway of the residence, kiss her with his tongue and thrust his private area against her private area while they were clothed. The pinning against the wall occurred about three times.

Another incident occurred when defendant grabbed Jane, pulled her down to the floor, held her wrist to prevent her from getting up, and thrusted on top of her on the floor in a sexual way. In another incident, defendant came into Jane's bedroom while she was asleep and touched her breast underneath her shirt. At that time Jane was 90 pounds and unable to fight defendant off of her as he was stronger and bigger. Jane was scared of defendant.

When Jane was about 13 years old, defendant again grabbed Jane and put her on top of his erect penis and moved her around on his lap. Jane's sister witnessed this incident and asked her why defendant was doing those things to her. Jane disclosed the sexual abuse to her sister, who in turn reported it to their mother in 2020. When Jane was 14 years old, defendant repeatedly told Jane that he wanted to have sex with Jane and would repeatedly touch his penis and pull out his penis in front of Jane. Jane felt uncomfortable and eventually suicidal.

Following the preliminary hearing, an information was filed on June 20, 2023, charging defendant with five counts of committing a lewd act on a child under 14 years old by use of force or fear (§ 288, subd. (b)(1)) and one count of willfully annoying and molesting Jane (§ 647.6, subd. (a)).

3

On June 11, 2024, defendant executed a plea form whereby he agreed to plead guilty to committing three counts of committing a lewd act on a child under 14 years old by use of force or fear (§ 288, subd. (b)(1)). In return, he was promised a stipulated term of 15 years and dismissal of the remaining charges. Defendant was also informed that all three offenses were strike offenses. In the plea form, defendant acknowledged he had sufficient time to discuss the plea, his constitutional rights, any defenses, and the consequences of his plea with his attorney. Defendant's attorney signed the plea form, noting that counsel was satisfied, defendant understood his constitutional rights, that defendant had adequate time to discuss the case with counsel, and that defendant understood the consequences of pleading guilty.

On June 11, 2024, prior to the change of plea hearing, defendant requested and was given a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) where he asked the court to relieve his current attorney and appoint a different attorney. At that hearing, the court asked defendant why he was making the request. Defendant replied that he felt "pressured" to accept the plea offer, and that the attorney lied to him about the possible maximum term. The court then asked defense counsel about his experience in criminal defense and his representation in this case. Defense counsel told the court he was assigned the case post-preliminary examination and may have initially told defendant the wrong possible maximum penalty based on the original complaint. He further stated he cleared that up at subsequent meetings and informed defendant that he could be facing 50 years to life. Counsel then revealed the negotiations he had with the deputy district

4

attorney, which was 29 years, and how, with defendant's agreement, he made a counteroffer of 15 years. Defendant counsel also stated he told defendant he could not guarantee the offer remaining available if the case was continued. Defendant desired 10 years, but counsel explained to defendant that the district attorney would not accept 10 years. Defense counsel concluded that he felt he could still represent defendant. The trial court thereafter explained to defendant the maximum sentence defendant was facing if he went to trial, which was 50 years, and the minimum was 25 years. The court found that there was not a sufficient breakdown in the attorney-client relationship such that the attorney could not continue to represent defendant and denied defendant's *Marsden* motion.

Thereafter, in the presence of all parties, the trial court went over the plea with defendant. Defendant indicated that he understood the plea agreement, the consequences of his plea, his constitutional rights, and that he had signed and initialed the plea form. Defendant stated that he had no questions for the court. Defendant's counsel joined with defendant in the plea agreement, stipulated there was a factual basis for the plea, and that he was satisfied defendant was entering the plea freely and voluntarily. After directly examining defendant, the court found that defendant understood his plea form, the nature of the charges, the consequences of pleading guilty, and his constitutional rights. The court also found that the People had accepted the plea, defendant's plea and waiver were knowingly, freely, intelligently, and voluntarily given and that there was a factual basis

for the plea.  The court then set the sentencing hearing and referred defendant for a Static-99 report.

On August 6, 2024, defendant made a motion pursuant to *People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*), to ask the court to appoint counsel to investigate whether a motion to withdraw his plea was warranted.  At that hearing, defendant stated that after the denial of the *Marsden* motion he felt hopeless and intimidated when he was offered two plea deals.  He was told if he did not accept them the offer would be withdrawn and he would be facing 50 years in prison.  He was also told the guilty pleas would result in three strike convictions, but since there was only one victim, he felt that was excessive.  Defense counsel was asked to give an outline of the offers and his conversation with defendant, to which counsel explained similar circumstances as he stated during the *Marsden* hearing.  Defendant indicated that the judge who took the plea stated that when he came back for sentencing that if he did not agree with the terms, he did not have to accept it.  The court looked at the issue of whether defense counsel rendered ineffective assistance of counsel or coerced defendant into taking the offer or accepting the plea.  The court denied the request to appoint alternate counsel and informed defendant he could hire private counsel to file a motion to withdraw his plea or he could file the motion himself.

On this same day, on August 6, 2024, defendant was sentenced to 15 years in state prison in accordance with his negotiated plea agreement, was ordered to pay fines and fees, and given credit for time served.  Defendant filed a timely notice of appeal and

6

request for certificate of probable cause. The trial court granted defendant's request for a certificate of probable cause.

## III.

## DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues of (1) whether the trial court should have granted defendant's *Marsden* motion, (2) whether the court should have appointed alternate counsel as a result of the *Sanchez* hearing, and (3) whether defendant understood the consequences of his admitting to the three strike offenses.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


McKINSTER

Acting P. J.


FIELDS

J.